**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LEONDRA JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 4:13cv456 |
| | § | Judge Clark/Judge Mazzant |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 30, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment [Doc. #19] be granted [Doc. #27]. On May 14, 2014, Plaintiff filed objections [Doc. #28]. On May 27, 2014, Defendant filed a response [Doc. #29].

In this mortgage case, the Magistrate Judge rejected Plaintiff's arguments and recommended that Defendant's motion for summary judgment be granted. Plaintiff first objects that the Magistrate Judge erred in finding that Plaintiff's claim for quiet title is based solely on the letter dated June 18, 2013, from Defendant confirming that her loan was paid off, when in fact her claim is also based upon her superior title. Plaintiff then proceeds to assert that she pleaded that she had superior title in her pleadings. Although that may be the case, the issue is not the pleadings, but whether there is a material fact issue raised in the summary judgment

1

evidence. Plaintiff also asserts that Defendant did not produce any summary judgment evidence that Defendant is the lender pursuant to the deed of trust. Plaintiff argues that the only evidence produced by Defendant to show that it is entitled to foreclose, is the assignment.

The Magistrate Judge was correct in finding that Defendant was entitled to summary judgment on Plaintiff's claim that her loan was paid off. The summary judgment record is clear that Defendant had an interest in the property through the deed of trust and the assignment. In the report, the Magistrate Judge did consider all of the arguments Plaintiff asserted on behalf of her quiet title claim.

Plaintiff also objects that the deed of trust granted the power of sale to the lender and Defendant has failed to establish that it is a lender. Plaintiff objects that the assignment is a void instrument. Plaintiff's objection has no basis in law and fact. The Fifth Circuit has held that when the beneficiary of a deed of trust is Mortgage Electronic Registration Systems ("MERS"), and it assigns its rights to the foreclosing lender, that entity has the right to foreclose, and any arguments to the contrary are wrong as a matter of Texas law. *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x. 354, 357 (5th Cir. 2013). If a beneficiary named in the deed of trust or an assignee is the foreclosing entity, that party may exercise its authority to foreclose even if it does not hold the note itself. The Magistrate Judge was correct in rejecting these arguments, and the findings are correct.

Plaintiff objects to the Magistrate Judge's finding rejecting the "show me the note" theory because Plaintiff does not assert such a claim. However, Plaintiff does assert that Defendant must comply with the contract and that Defendant has not shown it is the lender. The summary judgment record demonstrates that Defendant is the lender for purposes of enforcing the deed of

trust.

Finally, Plaintiff asserts that there is a material issue of material fact as to whether Defendant fits the definition of lender. The Magistrate Judge correctly rejected this argument. Plaintiff has failed to raise a fact issue. Defendant does need to produce an endorsed note.

Plaintiff's theories are meritless, and Plaintiff has not raised a material fact issue. Defendant has demonstrated it is entitled to summary judgment.

The Magistrate Judge also correctly found that Defendant's interest in the property was established by the summary judgment evidence.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #28] and the response of Defendant [Doc. #29], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment [Doc. #19] is **GRANTED,** and Plaintiff's case is **DISMISSED** with prejudice.

. So **ORDERED** and **SIGNED** this **2** day of **July, 2014.**

_____
Ron Clark, United States District Judge